SULLIVAN, Senior Judge
(concurring in part and dissenting in part):
I would affirm this case, and I see no reason for a remand. I only agree with the lead opinion that evidence seized from appellant’s knapsack and duffel bag and his confession at the Naval Criminal Investigative Service (NCIS) field office were admissible at his court-martial. I do not agree with the lead opinion’s conclusion that appellant’s arrest, without civilian search or arrest warrants, violated the Fourth Amendment. Moreover, I do not agree with its remand of this case under United States v. Tardif, 57 MJ 219 (2002). See id. (Sullivan, S.J., dissenting).
Appellant was arrested in Hospital Corpsman Second Class (HM2) Tom Guest’s private off base residence in Chesapeake, Virginia, by Special Agent (SA) Edward M. Coyle, a civilian special agent of the NCIS. His arrest was directed by a command—issued Department of Defense Form 553 (Sep 89) Report of Deserter/Absentee Wanted By The Armed Forces, and Article 8, Uniform Code of Military Justice, 10 USC § 838. In my view this arrest order is the equivalent of a civilian arrest warrant for purposes of Fourth Amendment analysis. See generally, United States v. Stringer, 37 MJ 120, 126 (CMA 1993); see also United States v. Mitchell, 12 MJ 265, 269 (CMA 1982); cf. *307 United States v. Thompson, 33 MJ 218, 219 (CMA 1991)(noting that accused was arrested in residence in civilian community during undercover operation involving Air Force Office of Special Investigations agents). Whether appellant was a house guest rather than a resident of HM2 Guest’s house, for purposes of the Fourth Amendment and R.C.M. 302(e), Manual for Courts-Martial, United States (1995 ed.), is an interesting question of law which I need not answer in this case. See Watts v. County of Sacramento, 256 F.3d 886, 889 (9th Cir.2001); cf. United States v. Gamez-Orduño, 235 F.3d 453, 458—460 (9th Cir.2000); United States v. Reister, 44 MJ 409, 414 (1996).
In this case, the owner of the house, HM2 Guest, tried to lure appellant out of his house so that the NCIS agents, armed with a properly authorized arrest document, could make a safe arrest. When appellant showed himself to SA Coyle at the doorway of the house during this attempt, SA Coyle acted reasonably to pursue and seize appellant when he suddenly retreated into the living room of the house. SA Coyle testified that he was concerned for “officer safety” since he could not tell whether anyone else or any weapon was in the living room where appellant fled.
In my view, this evidence shows that the law enforcement officers acted reasonably and responsibly in seizing appellant in the house of HM2 Guest. See United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). Furthermore, HM2 Guest consented to the search of his home. The Fourth Amendment requires only that searches and seizures be reasonable. That is what the record in this case supports. Accordingly, I see no unreasonable search and seizure in violation of the Fourth Amendment in these circumstances. Id. See generally United States v. Stringer, 37 MJ at 126, 129 n. 4; United States v. Visser, 40 MJ 86, 91 (CMA 1994) (both applying “reasonableness” standard to measure Fourth Amendment constitutionality of government action in military context).